BLACKBURN TRADING CORPORATION, Respondent, *v.* EXPORT FREIGHT FORWARDING CO., INC., Appellant.

First Department, February 9, 1923.

Warehouses — action to recover for failure to return goods stored — defense that defendant was acting as agent for disclosed principal — error to reject evidence to show relations between defendant and alleged principal.

In an action to recover damages for the failure to return goods intrusted to the defendant for storage, it was error for the court to reject evidence on behalf of the defendant tending to show the relations between the defendant and its alleged principal to the effect that the defendant was simply acting as a storage broker, where the receipt for the goods was signed by the alleged principal and bills for storage were rendered to the plaintiff in the name of the alleged principal.

It cannot be held, as a matter of law, on the evidence, that the receipt purporting to be signed by the alleged principal was a false receipt, nor can it be held, as a matter of law, that the plaintiff was negotiating with the defendant who was acting for an unknown principal in view of the fact that the receipts and bills disclosed the name of the alleged principal of the defendant in such a way as to indicate that the principal had an interest in the contract of storage.

APPEAL by the defendant, Export Freight Forwarding Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of May, 1922, upon the verdict of a jury rendered by direction of the court.

*Macklin, Brown & Van Wyck* [*William Van Wyck* of counsel; *James M. Gorman* with him on the brief], for the appellant.

*Thomas G. Prioleau,* for the respondent.

SMITH, J.:

The plaintiff stored in a warehouse at 403 West street, New York city, eleven cases of blue denims and one case of blue denims No. 4, until the same should be called for by the plaintiff. The claim of the plaintiff is that this storehouse was conducted by the defendant and that the defendant is liable for failure to deliver the goods to the plaintiff. The claim of the defendant is that the defendant was acting simply as the storage broker for the Penn Transportation Company, Inc., which company owned the storehouse, and with which company the goods were stored before the demand for their return.

Upon September 24, 1919, the defendant sent to the plaintiff a circular or letter in which they advertised themselves as a storage company and stated their storage warehouse to be at the place in question and asked the plaintiff's patronage. Thereafter, the plaintiff did store in said warehouse certain articles which are not in question here. The bills were sent to the plaintiff with the addition of the words " To Penn Transportation Co., Inc." These articles stored were returned whenever demanded and this course of business continued until October 21, 1919, when the goods in question were stored. For those goods in question the plaintiff received a warehouse receipt signed by the Penn Transportation Company, Inc., October 21, 1919. Upon the same date this receipt was signed the plaintiff executed another paper which was received, however, only for identification, that purported to be a receipt from this defendant, a non-negotiable receipt of the Penn Transportation Company, Inc., also a receipted freight bill. The plaintiff received and paid a bill for the storage of these very denims sent to the plaintiff from the defendant with the words thereon " To Penn Transportation Co., Inc." The defendant offered proof of the relations between the Penn Transportation Company, Inc., and the defendant to the effect that the defendant was simply the storage broker for the Penn Transportation Company, Inc. This proof was rejected by the trial court, and in this ruling we think the trial court was in error.

The court stated in directing the verdict: " My idea is in this case, the fact the Penn Company issued a false receipt has nothing to do with this at all. The goods were stored when the receipt was delivered, and the receipt was a false receipt, and that the solicitor, Mr. Walcott, was their solicitor; he represented these

people; they were in the storehouse business; the bill shows they were in the warehouse business, and as far as the plaintiff is concerned, he had a right to rely absolutely upon this defendant."

Whether this receipt was a false receipt issued by the Penn Transportation Company, Inc., cannot be held as a matter of law from the evidence here, and certainly not after the improper exclusion of the relations between the Penn Transportation Company, Inc., and this defendant. Neither can it be held that the plaintiff was acting or negotiating with the defendant who was acting for an unknown principal, as the receipt for this very storage was signed by the principal, the Penn Transportation Company, Inc., and all of the bills sent had upon them a reference to the Penn Transportation Company, Inc., in such a way as to indicate that such a company had an interest in the contract. The evidence showing the relations of the Penn Company to the defendant should have been admitted, and upon that evidence should first be determined, as a question of fact, whether the contract was in fact with the Penn Transportation Company, Inc., through defendant as its agent, or with defendant without knowledge that it was acting as an agent. If the contract was not with the defendant, of course, the defendant is not liable. If the contract was with the defendant and the defendant was acting for a known principal, in an action against that principal the question would further arise as to whether proper precautions had been taken for the securing of the goods against burglary.

The judgment should, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.